1

2

3

4

5

6

7

8

9            UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

12   JOUNTAVIA TAYLOR,                          Case No.:  3:23-cv-00675-WQH-AHG

13                                Plaintiffs,   **ORDER:**

14   v.
                                                **(1) GRANTING JOINT MOTION TO**
15   GOVERNMENT EMPLOYEES                        **EXTEND DISCOVERY DEADLINES,**
     INSURANCE COMPANY,                          **and**
16
                                 Defendant.      **(2) ISSUING FIRST AMENDED**
17                                               **SCHEDULING ORDER**

18
                                                 **[ECF No. 20]**
19

20

21

22

23

24         Before the Court is the parties' Joint Motion to Extend Scheduling Order Deadlines.

25   ECF No. 20. The parties request a 90-day continuance of the fact discovery cutoff, as well

26   as all other remaining case management deadlines. *Id*. at 2.

27         Parties seeking to continue deadlines in the scheduling order, or other deadlines set

28   forth by the Court, must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule

1   may be modified only for good cause and with the judge's consent"); FED. R. CIV. P. 6(b)

2   ("When an act may or must be done within a specified time, the court may, for good cause,

3   extend the time"); *see also* ECF No. 15 at 6 (Scheduling Order, stating that "[t]he dates []

4   set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating

5   that any request for continuance requires "[a] showing of good cause for the request").

6          "Good cause" is a non-rigorous standard that has been construed broadly across

7   procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

8   (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to

9   amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth*

10  *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon

11  the moving party's reasons for seeking modification. . . . If that party was not diligent, the

12  inquiry should end.") (internal citation omitted). Therefore, "a party demonstrates good

13  cause by acting diligently to meet the original deadlines set forth by the court." *Merck v.*

14  *Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept.

15  19, 2018).

16         The parties represent to the Court that shortly before the December 15, 2023, fact

17  discovery cutoff, Defendant learned that Plaintiff had surgery on her shoulder, when her

18  work restrictions had been based only on injuries to her wrist and back. ECF No. 20-1 at

19  2. Thus, the parties seek additional time to conduct discovery regarding Plaintiff's shoulder

20  injuries and any work restrictions related thereto. *Id*. As such, the parties request a 90-day

21  continuance of the fact discovery deadline and all other scheduling order deadlines.

22         Though the parties did not adequately explain why the shoulder injury was disclosed

23  at such a late juncture, upon due consideration, and good cause appearing, the Court

24  **GRANTS**[1] the parties' joint motion. ECF No. 20. The Court issues the following First

25  Amended Scheduling Order:

26  _____

27

28  [1] The Court notes, however, that it did not adopt all dates requested by the parties due to calendaring conflicts.

1     1.    The Court **VACATES** the Second Early Neutral Evaluation Conference set
2 for January 3, 2024. The Court **SETS** a Settlement Conference for **April 12, 2024** at
3 **9:30 a.m.** *via videoconference* before **Magistrate Judge Allison H. Goddard**. The Court
4 requires attendance of all named parties, party representatives with full settlement
5 authority, including claims adjusters for insured defendants, and the primary attorney(s)
6 responsible for the litigation via videoconference

7     a.    Counsel for the parties must meet and confer regarding settlement in
8 person, via videoconference, or by phone no later than **March 26, 2024**.

9     b.    Each party must submit a Confidential Settlement Conference Letter to
10 the Court via email (to efile_goddard@casd.uscourts.gov)
11 by **April 4, 2024**.

12     c.    No later than **April 4, 2024**, counsel for each party shall send an email
13 to the Court (at efile_goddard@casd.uscourts.gov) containing: (1) the
14 name and title of each participant (2) an email address for each
15 participant, and (3) a cell phone number for that party's preferred point
16 of contact. Court staff will send the Zoom invitation to all participants
17 in advance of the conference.

18     d.    During the Settlement Conference, all participants shall display the
19 same level of professionalism during the conference and be prepared to
20 devote their full attention to the conference as if they were attending in
21 person, i.e., cannot be driving or in a car while speaking to the Court.
22 Because Zoom may quickly deplete the battery of a participant's
23 device, each participant should ensure that their device is plugged in or
24 that a charging cable is readily available during the video conference.

25     e.    Counsel are also advised that although the Settlement Conference will
26 take place on Zoom, all participants shall appear and conduct
27 themselves as if it is proceeding in a courtroom, i.e., all participants
28 must dress in appropriate courtroom attire.

3:23-cv-00675-WQH-AHG

2.      All fact discovery must be completed by all parties by **March 15, 2024**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at:

https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

3.      The parties must designate their respective experts in writing by **April 30, 2024**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts must be by

**May 30, 2024**.  The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list must also include the normal rates the expert charges for deposition and trial testimony.

4.     By **April 30, 2024**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures will not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

5.     Any party must supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **May 30, 2024**.

6.     All expert discovery must be completed by all parties by **July 1, 2024**.  The parties must comply with the same procedures set forth in the paragraph governing fact discovery. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7.     All other pretrial motions must be filed by **August 4, 2023**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

8.     A Mandatory Settlement Conference will be conducted on **October 11, 2024** at **9:30 a.m.** in the chambers of **Magistrate Judge Allison H. Goddard**.  Plaintiff must

1  serve on Defendant a **written** settlement proposal, which must include a specific demand

2  amount, no later than **September 19, 2024**. The defendant must respond to the plaintiff **in**

3  **writing** with a specific offer amount prior to the Meet and Confer discussion. The parties

4  should not file or otherwise copy the Court on these exchanges. Rather, the parties must

5  include their written settlement proposals in their respective Settlement Conference

6  Statements to the Court. Counsel for the parties must meet and confer in person, via

7  videoconference, or by phone no later than **September 26, 2024**.  Each party must prepare

8  a Settlement Conference Statement, which will be served on opposing counsel and lodged

9  with the Court no later than **October 2, 2024**. The Statement must be lodged in .pdf format

10  via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement

11  Conference Statement must comply fully with Judge Goddard's Mandatory Settlement

12  Conference Rules (located at

13  https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlem

14  ent%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential

15  Settlement Letter for the Court's review only, to be lodged with the Court no later than

16  **October 2, 2024**.  The Letter must be lodged in .pdf format via email to

17  efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter,

18  the substance of the Settlement Conference Letter must comply fully with Judge Goddard's

19  Mandatory Settlement Conference Rules. **All parties are ordered to read and to fully**

20  **comply with the Chambers Rules and Mandatory Settlement Conference Rules of**

21  **Magistrate Judge Allison H. Goddard**.

22       9.     In jury trial cases before Judge Hayes, neither party is required to file

23  Memoranda of Contentions of Fact and Law.

24       10.     Counsel shall comply with the pre-trial disclosure requirements of Fed. R.

25  Civ. P. 26(a)(3) by **November 6, 2024**.  Failure to comply with these disclosure

26  requirements could result in evidence preclusion or other sanctions under Fed. R. Civ.

27  P. 37.

28  / /

11.     Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **November 13, 2024**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

12.     Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).     By **November 20, 2024**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

13.     The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **December 4, 2024**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

14.     The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **December 18, 2024** at **9:00 a.m.** The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

15.     The parties must review the chambers' rules for the assigned district judge and magistrate judge.

16.     A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

17.     The dates and times set forth herein will not be modified except for good cause shown.

3:23-cv-00675-WQH-AHG

1        18.     Briefs or memoranda in support of or in opposition to all motions noticed for

2    the same motion day shall not exceed twenty-five (25) pages in length, per party, without

3    leave of the judge who will hear the motion.  No reply memorandum shall exceed ten (10)

4    pages without leave of a district court judge.  Briefs and memoranda exceeding ten (10)

5    pages in length shall have a table of contents and a table of authorities cited.

6

7        **IT IS SO ORDERED.**

8    Dated:  December 5, 2023

_____

Honorable Allison H. Goddard

9    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:23-cv-00675-WQH-AHG